# In the United States Court of Federal Claims

No. 22-466
(Filed: August 9, 2022)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| BRANDON STANFORD LAI, *et al.*, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

*Pro Se*; *Sua Sponte* Dismissal; Lack of Subject-Matter Jurisdiction; RCFC 12(h)(3); Motion to Transfer.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION AND ORDER**

**DIETZ, Judge.**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). Such is the case here, as *pro se* plaintiff Brandon Lai has not asserted any claim in his complaint that falls within the jurisdiction of the United States Court of Federal Claims. Accordingly, his complaint is **DISMISSED** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). Additionally, because Mr. Lai's complaint does not provide a sufficiently clear description of the alleged facts and wrongs to enable the Court to conclude that a transfer of his case to another court is warranted, Mr. Lai's motion to transfer is **DENIED**.

**I.   BACKGROUND**

Mr. Lai filed a complaint in this Court on April 19, 2022. *See* Compl., ECF No. 1. In his complaint, Mr. Lai asserts various claims against the United States on behalf of, and as the authorized representative of, an entity named "Brandon Stanford LAI, LLC." *Id.* at 1. He claims that this entity "has been brought aboard the United States under color of law (18 U.S.C. § 242 and 18 U.S.C. § 1583) via identity theft (18 U.S.C. § 1028a)." *Id.* at 2 (capitalization modified). He asserts various crimes against the entity by the United States, including, *inter alia*, fraud, duress, misrepresentation, breach of covenant, breach of trust, economic espionage, mail fraud, human trafficking, peonage, sale into indentured servitude, forced labor, and theft and conversion of naturalization documents into securities. *Id.* He claims that the United States seeks to "separate the sole member from the capital . . . to divide the corpus thereof and to plunder it via hard forced labor, to withhold the property of the estate from Executor, Lai, Brandon Stanford." *Id*. He requests that the Court "make Brandon Stanford LAI, LLC whole, restore the

corpus, the capitis, the sole, the marks, signatures, the capacity, the rights, titles, interest, . . . , correct every ledger, account, file, record, and case" to "give full reconveyance of Brandon Stanford Lai to Lai, Brandon Stanford[.]" *Id*. at 3. He requests "$10 Billion" in damages. *See id.* at 30.

The Court issued a Show Cause Order on June 16, 2022, informing Mr. Lai that, upon review of his complaint, the Court does not believe that it has subject-matter jurisdiction over his claims because they are not based on a money-mandating source of law. *See* Show Cause Order, ECF No. 11. The Court instructed Mr. Lai to "identify which source(s) of law he is invoking and explain why this Court has jurisdiction over this case." *Id*. at 2. The Court received Mr. Lai's response to the Show Cause Order on June 23, 2022, in which Mr. Lai appears to acknowledge that this Court lacks jurisdiction over his claims "for reason of the tort nature of [his] suit[.]" Pl.'s Resp. to Show Cause Order at 1, ECF No. 14-1 [hereinafter Pl.'s Resp.]. Instead of dismissing his complaint for lack of subject-matter jurisdiction, Mr. Lai requests that the Court "transfer this case under 28 [U.S.C.] § 1631 to the district court of the United States, Western District of Texas, Austin Division[.]" *Id*. at 1-2. The Court filed Mr. Lai's response as a motion to transfer and stayed the government's response pending the Court's consideration of Mr. Lai's submissions. *See* July 13, 2022 Order, ECF No. 13.

## II.   DISCUSSION

The Court has fully considered Mr. Lai's complaint, response to the show cause order, and request to transfer his case to a district court. As explained below, the Court finds that Mr. Lai has not identified a money-mandating source of law that provides this Court with jurisdiction over his complaint, and, therefore, his complaint must be dismissed.[1] Further, the Court finds that transfer of Mr. Lai's case to another court is not warranted.

The Tucker Act limits this Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). "Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although a *pro se* plaintiff's pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they must still meet this Court's jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Mr. Lai has not identified any money-mandating source of law that creates a right to recover money damages from the United States, as required by the Tucker Act. *See Rick's*

---

[1] To the extent that Mr. Lai asserts claims on behalf of the corporate entity, "Brandon Stanford LAI, LLC," RCFC 83.1(a)(3) prohibits an individual who is not an attorney from representing a corporation, an entity, or any other person in any proceeding before this Court. RCFC 83.1(a)(3). Accordingly, any such claims must also be dismissed.

*Mushroom Serv.*, 521 F.3d at 1343. The discernable claims in his complaint focus exclusively on criminal conduct and torts, both of which are outside of this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (precluding jurisdiction for cases "sounding in tort"); *Campbell v. United States*, 229 Ct. Cl. 706, 707 (1981) (stating that this Court lacks jurisdiction over criminal claims); *Rick's Mushroom Serv.*, 521 F.3d at 1343 (stating that this Court lacks jurisdiction over tort claims). In his response to the Court's show cause order, Mr. Lai appears to acknowledge that this Court lacks jurisdiction over his claims. *See* Pl.'s Mot. to Transfer at 1, ECF No. 14 (stating that he "moves this court to cure want of jurisdiction by order of this Court for transfer of this case"). Therefore, instead of dismissing his case, Mr. Lai requests that the Court transfer his case to the United States District Court for the Western District of Texas in Austin, Texas. Pl.'s Resp. at 1-2. Mr. Lai requests transfer of his case "to prevent [him] from being required to file all said evidence again in the [U.S.] District Court and avoid causing [him] more expenses[.]" *Id*. at 1.

When this Court determines that it lacks subject-matter jurisdiction over a case, this Court is required, if it is in the interest of justice, to transfer the case to a court in which the case could have been brought at the time it was filed. 28 U.S.C. § 1631. The transferor court has discretion to determine "if such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (internal quotations omitted). The Court generally will transfer a case when a plaintiff articulates a clearly stated and non-frivolous complaint. *Reid v. United States*, 95 Fed. Cl. 243, 250 (2010).

After considering Mr. Lai's complaint, the Court determines that it is not "in the interest of justice" to transfer his case. Mr. Lai's complaint does not provide a sufficiently clear description of the alleged facts and wrongs to enable the Court to conclude that a transfer of his complaint to the United States District Court for the Western District of Texas is proper. *See Phang v. United States*, 87 Fed. Cl. 321, 330-31 (2009) (declining to transfer the case because plaintiff's claims "were unlikely to be meritorious in another court of the United States"), *aff'd*, 388 F. App'x 961, 2010 WL 2788291 (Fed. Cir. July 13, 2010). Mr. Lai's complaint also does not enable the Court to identify another court to which transfer would be proper. Regarding Mr. Lai's desire to avoid additional filing fees and expenses, the Court has allowed Mr. Lai to proceed *in forma pauperis* in his case before this Court, thereby avoiding the payment of any filing fees. *See* Show Cause Order. If Mr. Lai wishes to file his claim in another court, he will need to comply with that court's filing rules and requirements.

### III.   CONCLUSION

For the reasons above, Mr. Lai's complaint is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction, and Mr. Lai's motion to transfer his case is **DENIED**. Because this Court lacks jurisdiction over Mr. Lai's complaint, his other pending motions, ECF Nos. 3-4, are **DENIED AS MOOT**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
